### TOSTEVIN–COTTIE MFG. CO. v. M. ETTINGER CO., Inc.

(Circuit Court of Appeals, Second Circuit.   November 13, 1918.)

#### No. 94.

1. PATENTS ⬥⟿282—INFRINGEMENT—WHAT CONSTITUTES.
     If a claim cannot be read on defendant's device, there can be no infringement; but, if it can be read, infringement is suggested, not proved, and the prior art, as well as the disclosure, must still be studied.
2. PATENTS ⬥⟿328—INFRINGEMENT.
     The Cottie patent, No. 909,555, relating to a belt coupling, claims 1, 2, and 3, *held* not infringed by defendant's device, in view of the prior art and the limitations of the disclosure.

Appeal from the District Court of the United States for the Southern District of New York.

Bill by the Tostevin-Cottie Manufacturing Company against the M. Ettinger Company, Incorporated. From a decree dismissing the bill, complainant appeals. Affirmed.

Arthur L. Fullman, of New York City (Samuel E. Darby and Darby & Darby, all of New York City, of counsel), for appellant.

Frank J. Kent, of New York City, for appellee.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

PER CURIAM. This invention (says the specification) "relates to a belt coupling; with the object in view of providing a simple, durable, and effective coupling for securing the ends of a belt together, leaving the face of the belt, toward the pulley or wheel over which it passes, free from any metallic projection or surface." The patentee also represents that his structure "has the further advantage of requiring no riveting in order to secure the sections of the belt."

The reduction to practice defined by the claims consists (claims 1 and 2) of interlocking male and female sections economically stamped from sheet metal in such wise that the T-shaped tongues of one half fit into the grooves formed by turning back upon themselves the tongues with "reduced extensions" of the other half. Both these claims also require that the end of each section distant from the interlocking device shall be provided with "holding" or "pointed" prongs to "hook

---

⬥⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

into" the belt body and for "securing the coupling to a belt." Claim 3 omits all reference to means for securing the metal interlocking parts to the fabric of the belt.

Further examination of the specification and drawings to discover with exactitude "what the alleged invention is" (Hall-Borchert, etc., Co. v. Ellanam, etc., Co., 213 Fed. 341, 130 C. C. A. 193) plainly shows that Cottie's prongs were to be "forced into the body of the belt to such an extent as to leave no projecting metal on the inner face of the belt."

Defendant has no prongs at all, and fastens its interlocking sections to the belt ends by rivets, which do leave projecting metal on the inner face of the belt. Plaintiff asserts that the avoidance of inwardly projecting metal is not claimed, is not a part of Cottie's patentable novelty, and that a rivet is the fair equivalent of the fastening device disclosed, being a sort of separate prong—while claim 3 is certainly infringed, inasmuch as it makes no reference to any method of securing the metal sections to the belt ends.

[1, 2] If a claim cannot be read on a defendant's device, there can be no infringement; but, if it can be so read, infringement is suggested, not proved. The prior art, as well as the disclosure, must still be studied. In this instance Cottie's interlocking sections were per se old (Avery, No. 399,962), and so were his prongs, even when embedded in the belt fabric, in order to avoid metal exposure on the inner side (Millar, No 817,501), while the mechanical distribution of strain by a tongued and grooved junction is utilized for driving belts in Cavin's No. 640,177.

In the light of this art, the only possible field of invention left for Cottie was the economical combination in the especial structure disclosed of all the advantages above described. Therefore claims 1 and 2 cannot be valid, unless confined to prongs as described and applied, while claim 3 is only supportable by reading into it a limitation to the disclosure. Whether this should, or indeed can, be done, is an academic point, on which we express no opinion, for plaintiff's so-called commercial embodiment of Cottie's invention frankly abandons all prongs and uses separate fasteners.

It is enough to say that we agree with the court below in finding no infringement, and affirm the decree, with costs.