## IDEAL NOVELTY & TOY CO. v. MAJESTIC DOLL CO., Inc.

(Circuit Court of Appeals, Second Circuit. April 16, 1919.)

### No. 219.

PATENTS ☞328—INFRINGEMENT—DOLL HEAD.

The Rommer patent, No. 1,149,858, for a doll head having movable eyes, the novel feature of which is a spring clip for holding the eyes, which renders them readily removable for replacement, *held* not infringed.

Appeal from the District Court of the United States for the Southern District of New York.

Suit in equity by the Ideal Novelty & Toy Company against the Majestic Doll Company, Incorporated. Decree for defendant, and complainant appeals. Affirmed.

Action is on all claims of patent 1,149,858, granted August 10, 1915 to Isaac A. Rommer. The first claim is as follows:

"1. A doll head having eye apertures, sockets adjacent the eye apertures formed in the wall of the head, an eyeball provided with ears, a weight upon the eyeball, *a spring clip having end sections bent outwardly* and adapted to engage the said ears and to rest in the said sockets substantially as shown and described."

Every claim contains the words above italicized.

The court below dismissed the bill, holding that no infringement was shown. Plaintiff appeals.

Andrew Foulds, Jr., of New York City, for appellant.

T. Hart Anderson, of New York City, for appellee.

Before WARD, HOUGH, and MANTON, Circuit Judges.

HOUGH, Circuit Judge. The stated object of invention is "to provide a doll head with movable eyes, in which the eyes may be readily removed and replaced." The doll referred to is of the kind that shows eyes open when stood or held upright, and closed or "asleep" when prone.

There is nothing new disclosed or claimed except the mode of fastening the eyes to the head. To effect this purpose the "spring clip" of the claims is shown as a hairpin of wire with outwardly bent ends, each end passing through a hole in an "ear" of the piece of metal painted to simulate an eye, and thence into a socket appropriately made in the head.

Plainly, by compressing and releasing such hairpin spring, the "outwardly bent end sections" thereof can be inserted in and detached

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

from the head sockets as often as desired, and the eye supported thereby "readily removed and replaced."

While nothing is said on the subject in the specification, it is testified that this construction has advantages when applied to doll heads made of a composition that shrinks in hardening, and continues so to shrink long after most dolls have passed into use. Assuming this to be true, it shows utility only, and that the invention possesses the patent quantum of that commodity is not denied.

Defendant supports "sleeping eyes" in doll heads on a straight wire, said to be part of a wire nail of appropriate diameter. Infringement is asserted because this is declared a fair equivalent for Rommer's "spring clip," etc., because defendant's wire possesses sufficient resiliency to bend on insertion or removal, so that the same result is attained in the same way.

We agree with the lower court that such is not the case, because: (1) The evidence justifies the finding that if defendant's wire is inserted by bending it, instead of distending and then compressing the still plastic head, the wire must be and remain straight to permit the supported eyes to function properly. No alleged infringement shown or testified to shows a straight wire which can fairly be called a "spring," and the spring is the essence of plaintiff's invention. (2) By no permissible stretch of language can a straight piece of steel be described as a "spring clip having end sections bent outwardly," and every claim of Rommer's patent contains this carefully specified and restrictive element.

Therefore, looking at the matter as broadly as so narrow a subject permits, we feel sure that defendant has not even reached the same result as plaintiff, for his eyes are not removable and replaceable at will and without injury or tools, nor has he attained any result in the same way. His wire is ductile, but is not a spring; while as matter of law we hold that the claims are so drawn as not to read on defendant's doll eye. This negatives infringement. Tostevin v. Ettinger, 254 Fed. 434, —— C. C. A. ——.

Decree affirmed, with costs.