## FRETWELL v. GILLETTE SAFETY RAZOR CO.

### No. 5645.

Circuit Court of Appeals, Third Circuit.
July 23, 1935.

Herbert J. Jacobi, of Washington, D. C., Israel H. Perskin, of New York City, and Wm. G. Mahaffy, of Wilmington, Del., for appellant.

George P. Dike and Cedric W. Porter, both of Boston, Mass., for appellee.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

BUFFINGTON, Circuit Judge.

In the court below Julian W. Fretwell charged Gillette Safety Razor Company with infringing claim 4 of the patent No. 1,467,930, granted to him September 11, 1923, for a locked razor. On final hearing that court held the defendant did not infringe. Whereupon plaintiff took this appeal. The opinion of the court is so exhaustive as to leave nothing to be said by this court save by way of repetition.

The patent was, as stated, for a locked razor. With that razor as a whole we have nothing to do in this case save to note that no such razor has been made in the thirteen years of the patent's existence.

The specification describes and illustrates the blade as follows: ·

"Another object of the invention is the provision in a razor characterized as set forth, of a flexible blade provided with a multiplicity of closely arranged apertures adjacent to each of its edges so that in the event of an insane person seeking to pick at the blade with a view to removing the same, the blade will not be broken into fragments and rendered unfit for use. * * *

"Figure 4 is a plan view of a blade of flexible character, weakened in accordance with my invention for the purpose indicated. * * *

"The blade 1 illustrated is of the transversely flexible kind with duplex sharpened edges 2. The blade is also shown as provided with a central aperture 3 and other apertures 4. The multiplicity of minute apertures 5 in the blade 1 as shown in Figure 4 may be employed or may be altogether omitted without affecting the major portion of my invention. I prefer, however, to employ the said minute portions 5 inasmuch as they impart to the blade the capacity of readily breaking into fragments in the event of an insane person working at the edges of the blade in an attempt to remove the same from the remainder of the razor."

In this specification, claim 4, which reads as follows: "As a new article of manufacture, a transversely flexible razor blade having a sharpened edge and also having adjacent to said edge a multiplicity of minute, closely arranged apertures," was granted, and Figure 4 illustrates the claim and blade. This figure shows a multiplicity of apertures. In point of fact, there are seventy-eight of them. They are minute in size, are closely arranged, and are adjacent to the blade edges. As stated in the specification, the desired function of such a blade was to provide "a multiplicity of closely arranged apertures adjacent to each of its edges so that in the event of an insane person seeking to pick at the blade with a view to removing the same, the blade will be broken into fragments and rendered unfit for use."

Three-hole
Gillette blade

Blade of
Patent

Alleged infringing blades

Manifestly, defendant's blades do not infringe. The defendant uses them in a nonlocked razor; there is no picking by any one, so that breakable fragility is neither necessary nor desirable; the blades have no "minute" apertures, "closely arranged," "adjacent to said edge," but instead there is one long, central opening, as far distant from the edges as possible, in the blades adapted for use in the different razors defendant uses.

Such being our view, the decree of the court below is affirmed.