## FRETWELL v. PEOPLES SERVICE DRUG STORES, Inc.

### No. 4731.

Circuit Court of Appeals, Fourth Circuit.

March 10, 1941.

J. Mills Newton, of Danville, Va., and Julian W. Fretwell, pro se, for appellant.

David Schilling Kane, of New York City (Phillip T. Dalsimer, of New York City, on the brief), for appellee.

Before PARKER, SOPER and DOBIE, Circuit Judges.

DOBIE, Circuit Judge.

This action was instituted by Julian W. Fretwell (hereinafter called appellant) to secure an adjudication that his United States letters patent No. 1,467,930 was being infringed by certain sales of razor blades made by the Peoples Service Drug Stores, Inc. (hereinafter called appellee). From the ruling of the United States District Court of the Western District of Virginia that there had been no infringement, appellant brought this appeal.

Appellant contends that claim 4 of the patent granted him on September 11, 1923, protects him against infringement through the sale of razor blades which are similar to the blade described by him in the specification of the letters patent; that appellee's sale of certain particular blades (exhibits II-A, II-B, and II-D) constitutes such infringement; and that the District Judge erred in finding that there had been no infringement. Appellee, on the other hand, maintains that appellant's patent does not cover the sale of razor blades; that, in view of the state of the prior art, appellant's claim could not validly extend to the blade described by appellant; and that, even if the patent does apply to the blade described by appellant, the particular blades sold by appellee did not constitute an infringement of appellant's patent. Further, appellee maintains not only that the decision of the District Judge in the instant case is amply supported by the evidence, but that this decision finds further support in the case of Fretwell v. Gillette Safety Razor Co., D.C., D.Del. 1934, 6 F.Supp. 818, affirmed in 3 Cir., 1935, 78 F.2d 868, wherein blades (exhibits II-E and II-C), similar to those sold by appellee,

---

[3] 45 U.S.C.A. § 153 (o) (p).

[4] Smith v. T. & N. O. R. Co., D.C., 32 F.Supp. 1013.

were held not to infringe upon appellant's patent.

firmed. We, therefore, feel that we need discuss only the single issue of infringe-

**PLAINTIFF'S PATENTED BLADE**
**FIG. 4 OF PATENT**
(Note the multiplicity of minute apertures 5)

**Exhibit II-A**
**SWEE-DO BLADE**

**Exhibit II-D**
**SEGAL BLADE**

**Exhibit II-B**
**DARWIN BLADE**

**DEFENDANT'S BLADES**
(Note *single* opening of irregular contour)

**Exhibit II-E**
**GILLETTE BLUE BLADE**

**Exhibit II-C**
**PROBAK BLADE**

(Blades held not to be infringement in case of Fretwell v. Gillette Co., 3 Cir., 78 F.2d 868, and blades which this Court enjoined Fretwell from further prosecuting, in the injunction suit of Fretwell v. Gillette Co., 106 F.2d 728, decided by this Court October 2, 1939.)

We believe that the instant decision of the District Court is very clearly supported by the evidence and, thus, should be af-

ment. Our decision of that vital issue obviates the necessity of any consideration of many technical points raised by appellant's brief.

Appellant's obvious purpose in creating a particular type of razor with an appropriate blade is found in the specification of United States letters patent No. 1,467,-930:

"One object of my said invention is the provision of a locked razor—i. e., a razor so constructed that its blade is locked against removal and against surreptitious use by servants. Manifestly a razor characterized as indicated may be placed in the hands of an insane man for legitimate use without liability of the patient being able to remove the blade and use the same in a suicidal effort. Also, a razor of the kind stated may be left in his room by the owner without possibility of any person using the razor, the locking means being preferably controlled by a key to be carried by the owner, and manipulation of such key being absolutely necessary in order to dispose the blade for use. * * *

"Another object of the invention is the provision in a razor characterized as set forth, of a flexible blade provided with a multiplicity of closely arranged apertures adjacent to each of edges so that in the event of an insane person seeking to pick at the blade with a view to removing the same, the blade will be broken into fragments and rendered unfit for use."

As the title of this letters patent reveals, appellant was primarily concerned with the invention of a "Locked Razor." However, he did seek to secure patent rights to a blade which would be appropriate for one of the purposes of the invention—i. e., the protection of an insane person.

The terms of the specification, the arrangement and number of the drawn figures accompanying the specification, the nature of appellant's specific claims, all make it apparent that appellant was chiefly interested in the description and protection of a lock-type razor. He, nevertheless, made four claims which he expressly desired to secure by United States letters patent No. 1,467,930. Three of these claims are concerned with the lock-feature of the razor. We do not concern ourselves with this phase of the claim. Appellant's fourth and last claim, however, does demand consideration. This claim reads: "4. As a new article of manufacture, a transversely flexible razor blade having a sharpened edge and also having adjacent to said edge a multiplicity of minute, closely arranged apertures."

Inasmuch as "a transversely flexible razor blade" had been invented and validly patented long before the acceptance on September 11, 1923, of appellant's application (see Clark Blade & Razor Co. v. Gillette Safety Razor Co., 3 Cir., 1912, 194 F. 421), appellant's Claim 4 could validly extend only to the "multiplicity of minute, closely arranged apertures" which were adjacent to the sharpened edges of the blade. Appellant had stated in his specification that his idea was to make the blade so fragile and breakable that when insane people or inmates of institutions attempted to remove the blade from the locked razor, the blade would break into small pieces. A high degree of frangibility was thus of prime importance in appellant's blade. For the purposes of this opinion, we need not determine the validity of Claim 4 when that claim is considered in reference to the state of the prior art. Cf. Lawson Patent, No. 1,116,448; Mergenthaler Patent, No. 1,308,801; Brazier Patent, No. 1,343,900. See Victor Cooler Door Co., Inc. v. Jamison Cold Storage Door Co., 4 Cir., 1930, 44 F.2d 288, 291.

We think it obvious that the blades sold by appellee (see exhibits II-A, II-B, and II-D) do not infringe appellant's patent. The blades sold by appellee have a single slot of irregular contour in the centre of the blade. They have no "multiplicity" of minute apertures. In fact, no apertures at all are arranged adjacent to the edges of the blades. Under no impartial examination of the blades in question can we find any similarity, in structure or in purpose, with the rather unique blade of appellant. See Fretwell v. Gillette Safety Razor Co., supra; cf. Tostevin-Cottie Mfg. Co. v. M. Ettinger Co., Inc., 2 Cir., 1918, 254 F. 434, 435. In appellee's blade, the large central slot was designed so that the blade could be used on varying types of razors; frangibility in the blade, apart from transverse flexibility, was an evil sought to be avoided by the appellee in its blade.

As one of the bases for this appeal, appellant has urged that the District Judge erred in refusing to admit the record of the Circuit Court of Appeals for the Third Circuit in the case of Fretwell v. Gillette Safety Razor Co., supra. That case involved considerations identical with those of the instant case; but the case concerned the Gillette Safety Razor Company and not the appellee. Inasmuch as the Gillette Safety Razor Company is not a party to this action, we do not feel that the District Judge abused his discretion in refusing to admit the record of the Gillette Safety Razor case.

Nevertheless, out of abundant caution, we have permitted appellant to amend the instant record by introducing this record from the Circuit Court of Appeals for the Third Circuit. We believe that a consideration of this record weakens, rather than strengthens, appellant's position. The well-considered opinion of District Judge Nields (6 F.Supp. 818) and the affirming opinion of Circuit Judge Buffington (78 F.2d 868), both based upon the introduced record, are in accord with the views that we have expressed herein. Judge Buffington's conclusions are particularly applicable (78 F.2d at page 869):

"Manifestly, defendant's [Gillette's] blades do not infringe. The defendant uses them in a nonlocked razor; there is no picking by any one, so that breakable fragility is neither necessary nor desirable; the blades have no 'minute' apertures, 'closely arranged,' 'adjacent to said edge,' but instead there is one long, central opening, as far distant from the edges as possible, in the blades adapted for use in the different razors defendant uses."

For the foregoing reasons, the decision reached by Judge Barksdale seems manifestly correct, and the judgment of the District Court is, accordingly, affirmed.

Affirmed.